UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN MILNER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   No. 3:16-cv-1857 (SRU) |
| | : |
| WILLIAM MULLIGAN, et al.,<br>    Defendant. | :<br>: |

**RULING ON MOTION FOR WRIT OF MANDAMUS**

The plaintiff, Shawn Milner, has filed a motion asking the Court to issue a writ of mandamus directing the defendants to transfer him to a medically acceptable facility where he can be fed, attend recreation and litigate his cases.

Milner alleges that he has been housed in administrative segregation as a pretrial detainee for seven months.  Milner states that he was retaliated against twice for filing this lawsuit; surveillance footage of his cell on December 11, 2016, and December 14, 2016, will support this allegation.  Milner alleges that on one of the two days, his food was taken from him by force and he was assaulted.  Milner further alleges that his cell is dirty and has no windows, he is issued false disciplinary reports, he has not attended recreation for 51 days and has not been able to telephone his family for over two months.  Milner contends that the defendants have violated his medical confidentiality and discriminated against him because of his disabling condition.

Mandamus relief is authorized by 28 U.S.C. § 1361.  That statute, however, is limited by its terms to actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Federal district courts do not have jurisdiction to grant mandamus relief against state officials.  *See, e.g., Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir.

1988); *Anderson v. Rehmer*, 2015 WL 6675535, at *1 (D. Conn. Nov. 2, 2015).  As no defendant is a federal employee, this Court lacks jurisdiction to grant the requested relief.

However, the Court will construe the motion as a motion for temporary restraining order and directs the defendants to respond to the motion.  The Clerk is directed to re-caption the motion (ECF No. 9) as a motion for temporary restraining order.  Milner has since filed two additional motions for temporary restraining orders.  Because the allegations in those motions are substantially the same as the allegations in the instant motion, the defendants are directed to respond to those motions (ECF Nos. 11, 13) and the instant motion (ECF No. 9) within thirty (30) days from the date of this order.

**SO ORDERED** this 6th day of January 2017 at Bridgeport, Connecticut.

      /s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge